USCA1 Opinion

 

 October 8, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1938 UNITED STATES, Appellee, v. EDDIE TRAVIESO OCASIO, Defendant, Appellant. _________________ No. 93-1939 UNITED STATES, Appellee, v. ANGEL DAVID TEJADA MORALES, Defendant, Appellant. _______________________ No. 93-1940 UNITED STATES, Appellee, v. ANGEL RODRIGUEZ RODRIGUEZ, Defendant, Appellant. ___________________ No. 93-1941 UNITED STATES, Appellee, v. LUIS MAYSONET MACHADO, Defendant, Appellant. ____________________ No. 93-1942 UNITED STATES, Appellee, v. ANGEL FELICIANO-COLON, Defendant, Appellant. __________________ No. 93-1943 UNITED STATES, Appellee, v. LUIS MALONADO RODRIGUEZ, Defendant, Appellant. __________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Carlos Lopezde Azua on brief for appellant, Eddie Travieso ___________________ Ocasio. Eric M. Quetglas Jordan on brief for appellant Angel David ________________________ Tejada Morales. Roberto Roldan Burgos on brief for appellant Angel Rodriguez ______________________ Rodriguez. Manuel San Juan on brief for appellant Luis Maysonet _________________ Machado. Edgardo L. Rivera-Rivera, on brief for appellant Angel __________________________ Feliciano-Colon. Benicio Sanchez Rivera, Federal Public Defender, and Laura ______________________ _____ Maldonado Rodriguez, Assistant Federal Public Defender, on brief ___________________ for appellant Luis Maldonado Rodriguez. Charles E. Fitzwilliam, United States Attorney, Jose A. _______________________ ________ Quiles Espinosa, Senior Litigation Counsel, and Esther Castro- _______________ ______________ Schmidt, Assistant United States Attorney, on brief for appellee _______ in appeal no. 93-1938. Guillermo Gil, United States Attorney, Jose A. Quiles- _____________ _________________ Espinosa, Senior Litigation Counsel, and Esther Castro-Schmidt, ________ ______________________ Assistant United States Attorney, on brief for appellees in nos. 93-1939, 93-1940, 93-1941, 93-1942 and 93-1943. __________________ __________________ Per Curiam. Appellants Eddie Travieso Ocasio, Angel ___________ David Tejada Morales, Angel Rodriguez Rodriguez, Luis Maysonet Machado, Angel Feliciano Colon, and Luis Maldonado Rodriguez appeal the order by the United States District Court for the District of Puerto Rico detaining them prior to trial pursuant to 18 U.S.C. 3142(e). We affirm. The evidence presented at the detention hearing is detailed in the district court opinion. We summarize briefly. On July 1, 1993, Drug Enforcement Administration [DEA] Task Force Agent Carlos Rivera observed several men gathered together near a basketball court. Eight or nine vehicles were parked nearby. The agent recognized one of the men, appellant Maldonado Rodriguez, as someone he had previously observed at a known drug point. The individuals appeared to be waiting for someone. Agent Rivera observed suspicious behavior which led him to believe that the men were involved in drug activity. After observing the situation for several minutes, Rivera and another agent intervened and detained fourteen suspects. Inside the vehicles, the agents found fourteen suitcases, containing a total of 225 kilograms of cocaine, and twelve United States Department of Agriculture [USDA] -4- airport clearance stickers valid for that afternoon.1 Nine airline tickets for a flight scheduled to depart that afternoon for New York were found on various defendants. The tickets were issued under fictitious names and several had consecutive numbers. Some of the suspects were found to be carrying large amounts of cash. On July 7, a grand jury indicted appellants for aiding and abetting in the unlawful possession of, with intent to distribute, 225 kilograms of cocaine in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. After a detention hearing, a Magistrate Judge issued an order for the release of appellants on bail ranging from $15,000 to $75,000. Third party custody and curfews were also imposed. The government appealed this order and the district court granted a stay. On July 28, the district court held a hearing at which Agent Rivera testified and the government proffered other evidence. Appellants proffered evidence of strong family ties to Puerto Rico, of family members and friends willing to assist in their supervision and in placing bail, and of records of employment. Two days later, the court issued an order reversing the Magistrate Judge and ordering that appellants be detained without bail pending ____________________ 1. The USDA x-rays all baggage leaving Puerto Rico for the continental United States looking for prohibited food and plants. These stickers are used by drug traffickers to attempt to avoid inspection. They cannot be legally obtained prior to inspection at the airport. -5- trial. Relying on the weight of the evidence against appellants and the amount of cocaine involved, the court found that appellants had not rebutted the statutory presumption of flight established by 18 U.S.C. 3142(e) and that no condition or combination of conditions of release would assure appellants' appearance in court. Appellants Travieso Ocasio and Maysonet Machado contend that the district court erred in restricting their cross- examination of Agent Rivera at the detention hearing. Appellants have a statutory right to cross-examine witnesses who appear at the hearing. 18 U.S.C. 3142(f). However, the court has the discretion to limit the cross-examination on relevancy grounds. United States v. Hurtado, 779 F.2d 1467, ______________ _______ 1480 (11th Cir. 1985); United States v. Delker, 757 F.2d ______________ ______ 1390, 1398 (3d Cir. 1985). A bail hearing is not to be "a full fledged-trial or defendant's discovery expedition." United States v. Acevedo-Ramos, 755 F.2d 203, 204 (1st Cir. _____________ _____________ 1985). In the instant case, appellants sought to use cross- examination to establish that the government's case against them was weak. While the strength of the case is a relevant factor at detention hearings, 18 U.S.C. 3142(g), in this case, the questions the court refused to permit were, at best, of minor relevance to the issue of risk of flight. -6- Moreover, any error which might have occurred was harmless in light of the other evidence of guilt presented. As for the merits of the detention decision, the government bears the burden of proving by a preponderance of the evidence that no combination of conditions will reasonably assure that defendant will appear for trial. See ___ United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. _____________ _________ 1991); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. _____________ ______ 1991). Where, as here, a defendant has already been indicted for a controlled substance offense punishable by a maximum term of ten years or more, a presumption arises that no condition or combination of conditions will reasonably assure appearance at trial. See id.; United States v. Vargas, 804 ___ __ _____________ ______ F.2d 157, 163 (1st Cir. 1986); 21 U.S.C. 841(b)(1)(A) (maximum term of twenty years to life for possession with intent to distribute more than five kilograms of cocaine); 18 U.S.C. 3142(e) (establishing presumption because drug traffickers pose special risk of flight). While the presumption is rebuttable, 18 U.S.C. 3142(e); United States _____________ v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), it retains ______ evidentiary weight even when rebutted, Dillon, 938 F.2d at ______ 1416; United States v. Palmer-Contreras, 835 F.2d 15, 18 _____________ ________________ (1st Cir. 1987). In determining whether any conditions will assure the appearance of defendant, the court must weigh the specific factors listed in 18 U.S.C. 3142(g): (1) the -7- weight of the evidence as to guilt; (2) the nature and circumstance of the crime charged; and (3) the characteristics of the accused, including family ties, past history, financial resources and employment. United States _____________ v. Patriarca, 948 F.2d 789, 791-92 (1st Cir. 1991). We _________ review the court's determinations under an independent standard of review which gives deference to the decision of the trial court. Id. at 791; United States v. O'Brien, 895 __ _____________ _______ F.2d 810, 814 (1st Cir. 1990). "[T]his standard cedes particular respect, as a practical matter, to the lower court's factual determinations." Patriarca, 948 F.2d at 791 _________ (quoting United States v. Tortora, 922 F.2d 880, 882-83 (1st _____________ _______ Cir. 1990)). We agree with the district court that the government has met its burden of showing that no conditions of release reasonably will assure appellants' presence at trial. First, the evidence against each appellant is strong. All were observed by a DEA Agent participating, in broad daylight, in a major drug transaction. Several of the appellants claim that the evidence shows only their presence at the scene of a crime and association with a principal, neither of which is sufficient for proving aiding and abetting. United States v. Alvarez, 987 F.2d 77, 83 (1st _____________ _______ Cir. 1993). However, as this court has said, "criminals -8- rarely welcome innocent persons as witnesses to serious crimes." United States v. Hernandez, 995 F.2d 307 (1st Cir. _____________ _________ 1993), petition for cert. filed (Sept. 7, 1993) (quoting ________ ___ ____ _____ United States v. Ortiz, 966 F.2d 707, 712 (1st Cir. 1992), _____________ _____ cert. denied 113 S.Ct 1005 (1993)). Moreover, strong ____ ______ circumstantial evidence exists that each appellant was more than simply present. Travieso Ocasio was observed participating in discussions with individuals who appeared to be bringing packages of drugs to the group. One of the vehicles in which two suitcases containing cocaine were found had been lent to him that morning, and a bag removed from Travieso Ocasio's own car was found to have traces of cocaine. Tejada Morales was found with a first class passenger ticket for New York issued under an assumed name. This was one of four tickets with consecutive numbers purchased on the same date from the same travel agency. The other three tickets were possessed by other defendants. Tejada Morales was also found in possession of over one thousand dollars in cash. Rodriguez Rodriguez was the owner of a vehicle which contained two cocaine laden suitcases. His wallet was found in one of the suitcases containing cocaine. Feliciano Colon was found in possession of a first class airline ticket issued under an assumed name. The ticket was for the same flight as that for which other defendants had tickets. Two suitcases containing -9- cocaine and two U.S.D.A. inspection stickers were found in a van registered to him. Maldonado Rodriguez was the owner of a jeep in which two suitcases containing cocaine were found. Two inspection stickers were also found in the jeep. Moreover, Maldonado Rodriguez was observed conversing with two men who appeared to be bringing drugs to the group. Maysonet Machado had a first class airline ticket on the same flight as the others. The ticket was issued under an assumed name and was part of a consecutive series of tickets held by various defendants. Second, the crime with which appellants are charged indicates that appellants are part of a large drug trafficking conspiracy which sought to deliver several million dollars worth of cocaine into the continental United States. Such a "'highly lucrative' drug operation[] [was] at the center of congressional concern" in enacting the statutory presumption in 18 U.S.C. 3142(e). Jessup, 757 ______ F.2d at 386. Thus, appellants are among those at whom the statutory presummption is specifically aimed. Dillon, 938 ______ F.2d at 1416. Third, although the appellants may have been only "mules" in the operation, the value of the drugs involved supports the inference that appellants are connected to a person or organization with great financial resources. Palmer-Contreras, 835 F.2d at 18. Such organizations are ________________ -10- able and may be willing to finance appellants' flight. Dillon, 938 F.2d at 1416; Palmer-Contreras, 835 F.2d at 18. ______ ________________ The incentive for flight in this case is strengthed by the weight of the evidence against appellants. Id. __ The district court did find that appellants had strong ties to the community, meager financial resources and were without substantial criminal records. Moreover, the court noted that they had likely played relatively minor roles in the drug trafficking scheme. However, this court has found similar characteristics insufficient to rebut the presumption of flight where, as here, the evidence is strong and the value of the narcotics is large. See id. (affirming ___ __ detention where defendants were apprehended on a boat with 195 kilograms of cocaine even though defendants had strong family ties, meager financial resources, an absence of prior drug arrests, and minor role as mules); Dillon, 938 F.2d at ______ 1415 (affirming detention where defendant was involved in negotiating several million dollar drug deal even though his role in negotiation was small, he had minimal criminal record and no prior drug convictions, and had strong ties to the community). Although this case, like those in Palmer- _______ Contreras and Dillon, presents a close question, the _________ ______ deference we owe to the district court findings leads us to conclude that the government has met its burden of showing -11- that no condition or combination of conditions reasonably will assure appellants' appearance. Affirmed. ________ -12-